UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRII ZHYRIADA (A-Number: 220-769-744),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-08201-KES-FJS (HC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE**

Doc. 1

Petitioner Andrii Zhyriada ("petitioner" or "Zhyriada") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. Zhyriada entered the United States in 2021. Doc. 1 at 6. The Department of Homeland Security encountered and released him on conditions at that time. *Id.* In July 2026, ICE re-detained him when he appeared at a scheduled appointment with immigration authorities. *Id.*

The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-

KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The court ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and justify denying the petition. Doc. 5.

Respondent argues that Zhyriada is "subject to mandatory detention pursuant" 8 U.S.C. § 1226(b). Doc. 7 at 1. But respondent concedes that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." *Id.* at 1–2. The immigration documents respondent submitted show that Zhyriada was release on his own recognizance in 2021. *Id.* at 11. While respondents note that petitioner was charged in April 2026 with a misdemeanor DUI offense, they do not allege that petitioner has been convicted of any offense. *Id.* at 24.

For the reasons addressed in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process. In these circumstances, a petitioner who is re-detained "is entitled to a bond hearing where the government must prove that [petitioner] is a flight risk or danger to the community by clear and convincing evidence." *Luis Alberto*, 817 F. Supp. 3d at 927.

In this case, that bond hearing should have been provided before petitioner was detained. Generally, courts have held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025). Respondent does not establish any urgent

circumstances in this case. Immigration authorities re-detained petitioner only after he voluntarily appeared for a scheduled immigration appointment, months after his misdemeanor DUI charge, and respondents do not assert that petitioner has any conviction. *See* Doc. 7 at 24.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to release petitioner Andrii Zhyriada (A-Number: 220-769-744) immediately. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless respondent demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve the Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 15, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.